# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAMIEN WRIGLEY,

    Plaintiff

v.

PETERS, et. al.,

    Defendants

Case No.: 3:18-cv-00135-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 27

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is defendant Smith's Motion for Summary Judgment. (ECF Nos. 27, 27-1 to 27-7.) Plaintiff did not file a response; however, the court did not notice until the drafting of this Report and Recommendation that the motion was served on Plaintiff at a Patriot Boulevard address (ECF No. 27 at 7), but his address of record was on Napoli Drive in Sparks, Nevada (ECF No. 9). In fact, insofar as the court can tell, there is no record of Plaintiff having lived at a Patriot Boulevard address during the pendency of this action. Despite not noticing that the motion was not served on Plaintiff at the correct address, the court issued a *Klingele* order advising Plaintiff of the requirements of opposing a motion for summary judgment, and then an order granting him an extension of time to respond to the motion for summary judgment, both of which were served on him at his correct address of record. (ECF Nos. 28, 29.) These were served on Plaintiff at the correct address, yet Plaintiff filed nothing in response such as a notice that he had not been served with the motion for summary judgment.

The court recommends that Smith's motion should be denied, both because it was not served on Plaintiff, and because it is without merit. In light of the fact that no response was received from Plaintiff regarding the *Klingele* order or the order extending the time to respond to the motion for summary judgment, the court will also issue an order to show cause to Plaintiff as to why this action should not be dismissed for a failure to prosecute.

## **I. BACKGROUND**

Plaintiff is a former inmate of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

Plaintiff alleges that on February 5, 2018, Correctional Officer Peters told Plaintiff and his cell mate, "if there were no cameras around … he would f*** [them] in the a** like the bitches [they were]." Peters refused to give Plaintiff a grievance because Plaintiff intended to report Peters under the Prison Rape Elimination Act (PREA). Plaintiff later acquired a grievance from another correctional officer. When Plaintiff and several other inmates requested grievances from Peters for a separate incident, Peters refused, and then locked the entire unit down, stating: "You can all thank [Plaintiff]." After Plaintiff filed his PREA report, several officers asked Plaintiff to drop his PREA complaint against Plaintiff. Senior Officer Smith told Plaintiff that he and Peters were "good friends" and that if Plaintiff did not drop the report, Smith could not promise that the rest of Plaintiff's stay would be pleasant.

The court screened the complaint and allowed Plaintiff to proceed with a retaliation claim against Peters based on the allegation that he locked down the entire unit because Plaintiff requested a grievance form to file against Peters. He was also allowed to proceed with a

retaliation claim against Smith based on the allegation that after he filed a grievance/PREA report against Peters, Smith threatened to make Plaintiff's prison experience worse unless he withdrew the grievance. Finally, Plaintiff was allowed to proceed with a claim for denial of access to the grievance procedure against Peters based on the allegation that Peters refused to give Plaintiff grievances to file against him. (ECF No. 4.)

The Attorney General's Office accepted service on behalf of Smith, and filed under seal the last known address for Peters. (ECF Nos. 16, 17.) A summons was issued for Peters (ECF No. 20), but was returned unexecuted (ECF No. 25). Peters was subsequently dismissed without prejudice for lack of service under Federal Rule of Civil Procedure 4(m). (ECF No. 26.) Therefore, this action is currently proceeding only against Smith with the retaliation claim.

Smith moves for summary judgment, arguing: (1) Plaintiff does not sufficiently allege personal participation by Smith because he does not include the specific date or time of the alleged threat; (2) there is no evidence that any adverse action was taken against Plaintiff by Smith; and (3) he is entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the

other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

Preliminarily, the motion should be denied because it was not served on Plaintiff; however, before the court noticed that it was not served on Plaintiff the motion was reviewed and the court determined that it was without merit. To avoid defendant Smith simply renewing the motion and serving it on Plaintiff, the court also recommends the motion be denied on a substantive basis.

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a

claim consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Id.* (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)).

First, Smith argues that Plaintiff failed to adequately allege sufficient personal participation because he did not identify a specific date or time of the alleged threat by Smith.

This argument is without merit. First of all, Smith moves for summary judgment, but essentially argues that Plaintiff fails to state a claim upon which relief may be granted. The court ahs already found in its screening order that Plaintiff does state a colorable retaliation claim against Smith based on the factual allegations in the complaint. It was not necessary for Plaintiff to include the precise date or time of the alleged threat.

Second, Smith argues that there is no genuine dispute that the action allegedly taken by Smith was not adverse to Plaintiff because Smith only allegedly told Plaintiff if he did not withdraw the PREA complaint, his stay at the prison would not be pleasant. Smith contends that Plaintiff cannot show that any action was actually taken against Plaintiff.

This argument ignores clear precedent that "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (finding a genuine issue of material fact existed as to whether adverse action was taken where prison officials warned the inmate to stop

complaining). Smith does not argue that he did not threaten Plaintiff, only that there is no evidence that he actually carried out the threat; however, the mere threat of adverse action is sufficient.

Third, the court will address Smith's qualified immunity argument. The qualified immunity analysis consists of two steps: (1) viewing the facts in the light most favorable to the plaintiff, did the defendant violate the plaintiff's rights; and (2) was the right clearly established at the time the defendant acted. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017).

Smith only argues he is entitled to qualified immunity because Plaintiff has not shown chilling of his First Amendment rights. Smith does not deny that he told Plaintiff that if he did not withdraw his PREA complaint against Peters, the rest of his stay in prison would not be pleasant. "[A]n objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather than the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Brodheim*, 584 F.3d at 1271 (quoting *Rhodes*, 408 F.3d at 568-69)). "To hold otherwise 'would be unjust' as it would 'allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity.'" *Id.* (quoting *Rhodes*, 408 F.3d at 569).

Taking the facts in the light most favorable to Plaintiff, threatening an inmate with an unpleasant prison experience unless he agrees to withdraw a PREA complaint could certainly chill or silence a person of ordinary firmness from filing future PREA complaints or grievances. Therefore, Smith is not entitled to qualified immunity.

For these reasons, Smith's motion for summary judgment should be denied; however, the court will issue an order to show cause to Plaintiff as to why this action should not be dismissed for Plaintiff's failure to prosecute as the court has had no contact from Plaintiff since he participated in an early mediation conference nearly a year ago in July of 2019.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Smith's Motion for Summary Judgment (ECF No. 27).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 24, 2020

_William G. Cobb_
William G. Cobb
United States Magistrate Judge