**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAMIEN WRIGLEY, | Case No.: 3:18-cv-00135-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| PETERS, et. al., | Re: ECF No. 34 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Smith's Motion to Dismiss Pursuant to FRCP 41(b). (ECF No. 34.)

For the reasons set forth below, it is recommended that the motion be granted and this action be dismissed as a result of Plaintiff's failure to prosecute and keep the court apprised of his current address.

## I. BACKGROUND

Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1-1.) He was subsequently released. (*See* ECF No. 3.) On April 22, 2019, the court issued a screening order allowing Plaintiff to proceed with claims for retaliation and denial of access to the courts against defendants Peters and Smith. (ECF No. 4.) Defendant Peters was subsequently dismissed for lack of service under Federal Rule of Civil Procedure 4(m). (ECF No. 26.)

On May 17, 2019, Plaintiff filed a notice of change of address to an address on Napoli Drive in Sparks, Nevada. (ECF No. 9.) An early mediation conference was held on July 16, 2019, but was unsuccessful. (ECF No. 11.)

On February 18, 2020, defendant Smith filed a motion for summary judgment. (ECF No. 27.) District Judge Du issued a *Klingele* order advising Plaintiff of the requirements for opposing such a motion the next day. (ECF No. 28.) It was sent to Plaintiff by the Court at his Napoli Drive address. (*Id.*)

Plaintiff did not timely file a response to the motion for summary judgment, and on May 18, 2020, the court entered an order giving Plaintiff an additional 30 days to file his response. This order was also sent to Plaintiff at the Napoli Drive address. (*Id.*) Plaintiff still did not file a response. It was not until this time that the court realized that defendant Smith had not served Plaintiff at the address of record. Instead, the certificate of service for the motion for summary judgment indicates he was served at an address on Patriot Boulevard, in Reno. (ECF No. 27 at 7.) The record does not indicate Plaintiff ever resided at a Patriot Boulevard address.

On June 24, 2020, the court issued a report and recommendation that Smith's motion for summary judgment be denied, both because it was never served on Plaintiff, and because it was without merit. (ECF No. 30.) On the same date, the court issued an order to show cause to Plaintiff as to why this action should not be dismissed for failure to prosecute since Plaintiff had been served with the *Klingele* order, as well as the order giving him an extension of time to respond to the motion for summary judgment, but did not file any response. The court advised Plaintiff that if he did not respond to the order to show cause within 21 days, it would result in a recommendation that the action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 31.)

The report and recommendation and order to show cause were sent to Plaintiff at the Napoli Drive address; however, they were returned as undeliverable. (ECF No. 32.)

On July 22, 2020, District Judge Du entered an order accepting and adopting the report and recommendation in full and denying the motion for summary judgment. (ECF No. 33.)

On August 27, 2020, defendant Smith filed this motion.

To date, Plaintiff has not responded to the order to show cause. In addition, the most recent documents issued by the court have been returned as undeliverable, and Plaintiff has failed to apprise the court of a current address. Therefore, it is recommended that this action be dismissed.

## **II. DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action, default judgment or other sanction as deemed appropriate by the court.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under Local Rule IA 3-1, which advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** defendant Smith's motion (ECF No. 34), and **DISMISSING** this action **WITH PREJUDICE** as a result of Plaintiff's failure to prosecute and keep the court apprised of his current address.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 12, 2020

_____
William G. Cobb
United States Magistrate Judge